IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

OCTAVIUS WILLIAMS,                          :
                                            :
            Petitioner                      :
                                            :
                                            :
VS.                                         :          **1 : 07-CV-68 (WLS)**
                                            :
HUGH SMITH, Warden,                         :
                                            :
                                            :
            Respondent.                     :
_____

## RECOMMENDATION

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). This federal petition was executed on April 4, 2007.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

The petitioner was convicted on two counts of armed robbery in November 2001 in the Superior Court of Dougherty County. His conviction was affirmed on appeal on August 31, 2005.

The petitioner filed a state habeas petition on November 21, 2005, and relief was denied therein on April 13, 2006.

A review of the record herein reveals that the filing of this federal habeas petition was clearly untimely, and that the tolling provision of § 2244(d)(2) does not protect the petitioner. The petitioner's conviction became final on September 10, 2005, the date on which the time for filing further appellate review expired. As the respondent points out, the petitioner had ten (10) days from the date of the appellate decision affirming his convictions in which to either move for reconsideration or file a notice of intent to apply for certiorari to the Georgia Supreme Court, and the petitioner did neither. Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year, or 365 days, from September 10, 2005, in which to file this federal petition, and/or toll the limitations period by filing a state habeas petition. The petitioner's state habeas petition was filed on November 21, 2005, tolling the one-year limitations period 71 days after this period had begun. Following the completion of collateral review on April 13, 2006, when the state habeas court denied petitioner's state petition and the tolling of the limitations period thereby ceased, the petitioner waited an additional 356 days, or until April 4, 2007, to execute this federal petition, for a total period of 427 days.

In his response to the respondent's motion to dismiss, the petitioner asserts that following the denial of his state habeas petition on April 13, 2006, he filed an application for a certificate of probable cause under O.C.G.A. § 9-14-52, and received "no answer". The petitioner does not provide a date on which he allegedly filed this application, nor does he provide any documentation to support his contentions. It does not appear that the petitioner has provided the court with sufficient information to overcome the respondent's showing that his federal petition was untimely filed.

Based on the petitioner's untimely filing of this federal petition, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED** and that this matter be dismissed with prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 30th day of November, 2007.


 /s/ **_Richard L. Hodge_**
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb